**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD M. DAUVAL, Trustee for
the Estate of TONY H. ULRICH and
TAMMY L. ULRICH,

Case No.:

Plaintiff,

v.

SYNCHRONY BANK,
f/k/a GE CAPITAL RETAIL BANK,
a foreign for-profit corporation,

Defendant.
_________________________________________/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, RICHARD M. DAUVAL (hereinafter, "Plaintiff"), Trustee for the Estate of TONY H. ULRICH (hereinafter, "Mr. Ulrich") and TAMMY L. ULRICH (hereinafter, "Mrs. Ulrich") (hereinafter collectively, "Debtors"), by and through the undersigned counsel, and hereby sues Defendant, SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

This is an action for damages for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, "TCPA").

## JURISDICTION, VENUE & PARTIES

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United State Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Hillsborough County, Florida.

4. At all material times herein, Debtors are individuals residing in Hillsborough County, Florida.

5. At all material times herein, Defendant is a foreign for-profit corporation, that, itself and through its subsidiaries, regularly extends consumer credit services to consumers in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(7).

7. At all material times herein, Debtors are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8),

8. At all material times herein, Defendant attempts to collect a debt, including but not limited to, consumer credit card accounts belonging to Tony H. Ulrich, referenced by the account numbers ending -9679, -4978, -13-5-1, 162-6, 1634, and -5815, and consumer credit card accounts belonging to Mrs. Ulrich, referenced by the account numbers ending -698-0, -349-7, and -9126 (hereinafter collectively, the "Debt").

9. At all material times herein, the Debt is consumer debt, obligations resulting from transactions for goods or services and incurred primarily for personal, household or family use.

10. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance*

*Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

12. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

**FACTUAL ALLEGATIONS**

14. Mr. Ulrich is the owner, regular user, and possessor of a cellular telephone with the assigned number ending -4124 (hereinafter, "Cellular Telephone").

15. Most of Defendant's telephone calls, as more specifically alleged below, were placed to Mr. Ulrich's Cellular Telephone using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16. At no time herein did Defendant have Mr. Ulrich's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

17. To the extent that Defendant contends it possessed Mr. Ulrich's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV, such prior express consent was revoked by operation of law when Defendant received Notice of Debtors' Bankruptcy Case and Automatic Stay, and was thereby advised of Debtor's counsel's representation of Debtors with respect to the Debt and provided Debtors' counsel's contact information.

18. Additionally, if Defendant contends the below-referenced telephone calls were made for "informational purposes only," Defendant nonetheless lacked the required prior express written consent necessary to make such informational calls to Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV.

19. On or about July 1, 2015, Debtors retained the Golden Law Group (herein, "Initial Counsel") with respect to filing for bankruptcy, and with respect to their debts generally, including the Debt.

20. On or about July 1, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* three (3) times, in an attempt to collect the Debt from Mr. Ulrich.

21. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

22. During the immediately-aforementioned calls, Defendant left Debtors automated voicemails instructing Debtors to return the calls.

23. On or about July 1, 2015, Mr. Ulrich returned Defendants phone calls and advised Defendant's employee or representative that Debtors' Initial Counsel represented Debtors with respect to the Debt, provided Debtors' Initial Counsel's contact information, and advised that all communications directly to Debtors should cease and instead be directed to Debtors' Initial Counsel's office.

24. On or about July 2, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* three (3) times, in an attempt to collect the Debt from Mr. Ulrich.

25. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

26. On or about July 3, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* four (4) times, in an attempt to collect the Debt from Mr. Ulrich.

27. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

28. On or about July 4, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* ten (10) times, in an attempt to collect the Debt from Mr. Ulrich.

29. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

30. On or about July 5, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* twenty-two (22) times, in an attempt to collect the Debt from Mr. Ulrich.

31. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

32. On or about July 6, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* sixteen (16) times, in an attempt to collect the Debt from Mr. Ulrich.

33. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

34. On or about July 7, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* twenty (20) times, in an attempt to collect the Debt from Mr. Ulrich.

35. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

36. On or about July 8, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* twenty-seven (27) times, in an attempt to collect the Debt from Mr. Ulrich.

37. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

38. On July 9, 2015, Debtors filed a Chapter 7 Voluntary Bankruptcy Petition in the Middle District of Florida, Tampa Division, case number 8:15-bk-07097-CPM (hereinafter, "Bankruptcy Case"). Defendant was listed as an unsecured creditor in Schedule F. Please see attached a true and correct copy of the relevant page of Plaintiff's Schedule F and creditor matrix, labeled as Exhibit "A1-A14."

39. On or about July 9, 2015, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* thirty-one (31) times, in an attempt to collect the Debt from Mr. Ulrich.

40. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

41. On or about July 10, 2015, Deputy Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he served a Notice of Chapter 7 Case, Meeting of Creditors, & Deadlines (hereinafter, "Notice of Commencement") on Defendant, providing

Defendant with actual notice of Debtors' Initial Counsel's legal representation of Debtors with respect to the Debt, as well as actual notice of Debtors' Bankruptcy Case and the automatic stay of creditors pursuant to 11 U.S.C. Section 362 (hereinafter, "Automatic Stay"). Please see attached a true and correct copy of said Notice of Commencement labeled as Exhibit "B1-B4."

42. On or about July 10, 2015, despite receiving Notice of the Bankruptcy Case and Automatic Stay, as well as possessing actual knowledge of Debtors' legal representation with respect to the Debt, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* seventeen (17) times, in an attempt to collect the Debt from Mr. Ulrich.

43. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

44. On or about July 11, 2015, despite receiving Notice of the Bankruptcy Case and Automatic Stay, as well as possessing actual knowledge of Debtors' legal representation with respect to the Debt, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* twenty-seven (27) times, in an attempt to collect the Debt from Mr. Ulrich.

45. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

46. On or about July 12, 2015, despite receiving Notice of the Bankruptcy Case and Automatic Stay, as well as possessing actual knowledge of Debtors' legal representation with respect to the Debt, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* ten (10) times, in an attempt to collect the Debt from Mr. Ulrich.

47. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

48. On or about August 11, 2015, despite receiving Notice of the Bankruptcy Case and Automatic Stay, as well as possessing actual knowledge of Debtors' legal representation with respect to the Debt, Defendant called Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* two (2) times, in an attempt to collect the Debt from Mr. Ulrich.

49. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mrs. Ulrich.

50. During this same period, Defendant called Mrs. Ulrich at her place of employment *at least* three (3) times in an attempt to collect the Debt.

51. The immediately-aforementioned calls were indirect attempts to collect the Debt from Mr. Ulrich.

52. During the first of the three (3) above-referenced calls to Mrs. Ulrich's place of employment, Mrs. Ulrich advised Defendant's representative or employee that she was not permitted by her employer to receive personal telephone calls at her place of employment, and to cease all such calls.

53. Despite being informed that Mrs. Ulrich was not permitted by her employer to receive calls at her place of employment, Defendant called Mrs. Ulrich at her place of employment *at least* two (2) more times in an attempt to collect the Debt.

54. One of the aforementioned calls from Defendant was answered by Mrs. Ulrich's supervisor, who informed Defendant that Mrs. Ulrich was not permitted to receive personal calls at her place of employment.

55. On or about July 10, 2015, Debtor attended a United States Bankruptcy Court Meeting of Creditors. At this meeting, Debtor testified under oath before Plaintiff as to above debt

collection attempts after Defendant received actual notice of Debtors' Initial Counsel's representation of Debtor with respect to the Debt.

56. On August 20, 2015, Plaintiff filed with the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to employ Undersigned Counsel to pursue the above allegations on behalf of the Debtors' bankruptcy estate.

57. On August 23, 2015, United States Bankruptcy Judge Catherine Peek McEwen signed, and the Clerk of Court entered, an Order Appointing Special Counsel. Please see attached a true and correct copy of the Order labeled as Exhibit "C1-C2."

58. As a direct result of Defendants' actions, Debtors suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the filing of their Bankruptcy Case was wholly ineffective, that the hiring of an attorney for representation with respect to the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

59. Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

60. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

61. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Debtor's Cellular Telephone in violation of the TCPA or the regulations proscribed

thereunder.

62. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Debtor's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

63. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(4)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

64. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(4) by communicating or threatening to communicate with Debtor Tammy L. Ulrich's employer without her consent or first obtaining a final judgment against Debtors.

65. Specifically, Defendant called Mrs. Ulrich at her place of employment *at least* three (3) times in an attempt to collect the Debt, without first obtaining a final judgment against Debtors or without first obtaining Mrs. Ulrich's express written consent to contact Mrs. Ulrich's employer.

66. During the first of the aforementioned calls to Mrs. Ulrich at her place of employment, Ms. Ulrich advised Defendant that she was not permitted by her employer to receive personal calls at her place of employment and requested that such calls cease.

67. Despite having been advised that Mrs. Ulrich was not permitted by her employer to receive personal calls at her place of employment, Defendant proceeded to place at least two

additional calls to Mrs. Ulrich in an attempt to collect the Debt.

68. During one of the immediately-aforementioned calls, Defendant's representative or employee spoke with Mrs. Ulrich's supervisor, who again advised Defendant that Mrs. Ulrich was not permitted to receive personal calls to her place of employment.

69. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

70. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer debts from Debtors through means which can reasonably be expected to abuse or harass Debtors.

71. Specifically, despite possessing actual knowledge of Debtors' legal representation with respect to the Debt, and Debtors' Initial Counsel's contact information, Defendant placed *at least* one hundred and ninety-five (195) calls to Debtors in an attempt to collect the Debt.

72. Further, despite possessing knowledge of Debtors' Bankruptcy Case and Automatic Stay, Defendant placed *at least* fifty-nine (59) calls to Debtors in an attempt to collect the Debt.

73. Collectively, despite possessing actual knowledge of Debtors' legal representation with respect to the Debt, despite possessing Debtors' Initial Counsel's contact information, and despite possessing knowledge of Debtors' Bankruptcy Case and Automatic Stay, Defendant placed *at least* one hundred and ninety-five (195) calls to Debtors in an attempt to collect the Debt.

74. Defendant continuously and repeatedly placed calls during the months of June,

July, and August 2015 to Mr. Ulrich's Cellular Telephone using an ATDS, PTDS, or APV in its attempts to collect the Debt from Debtors.

75. Moreover, Defendant placed *at least* three (3) calls to Mrs. Ulrich's place of employment in an attempt to collect the Debt, and *at least* one (1) of these calls after being advised that Mrs. Ulrich was not permitted to receive personal calls at her place of employment.

76. Defendant's actions constitute abusive and harassing conduct as Defendant's telephone calls to Debtors were intended to coerce Debtors into paying the Debt, making Debtors believe that despite Debtors invoking their consumer rights and retaining legal counsel for the purpose of filing a bankruptcy and Defendant possessing knowledge of the same, Defendant could and would continue to unlawfully communicate directly with Debtors until the Debt was satisfied.

77. As such, Defendant's repeated collection attempts constitute abusive and harassing conduct in violation of Florida Statutes, Section 559.72(7).

78. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

79. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

80. Defendant is subject to, and violated the provisions of, Florida Statute, Section 559.72(18) by intentionally communicating directly with Debtors after receiving actual

notice that Debtors were represented by legal counsel with respect to the underlying Debt.

81. Specifically, despite possessing actual knowledge of Debtors' legal representation with respect to the Debt, and Debtors' Initial Counsel's contact information, Defendant placed *at least* one hundred and ninety-five (195) calls to Debtors in an attempt to collect the Debt.

82. As such, Defendant intentionally communicated directly with Debtors after receiving notice that Debtors were represented by legal counsel with respect to the Debt.

83. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

84. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recored voice to call a telephone number assigned to a cellular telephone service without Debtors' prior express consent.

85. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Mr. Ulrich's Cellular Telephone *at least* two hundred and ninety-two (192) times.

86. At no time herein did Defendant have Mr. Ulrich's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

87. Further, if Defendant contends it possessed Mr. Ulrich's prior express consent, such consent was revoked by operation of law when Defendant was advised of Undersigned Counsel's

representation of Debtors with respect to the Debt and provided Undersigned Counsel's contact information.

88. Additionally, if Defendants contend the referenced calls were made for "informational purposes only," Defendants nevertheless lacked the required prior express consent necessary to place such informational calls to Mr. Ulrich's Cellular Telephone using an ATDS, PTDS, or APV.

89. Despite lacking Mr. Ulrich's prior express consent, Defendant continuously and repeatedly placed telephone calls to Mr. Ulrich's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt from Debtors.

90. As a direct and proximate result of Defendant's conduct, Mr. Ulrich suffered:

a. The periodic loss of his Cellular Telephone service;

b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract; and

c. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

**PRAYER FOR RELIEF**

**WHEREFORE,** as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests entry of:

a. Judgment against Defendant declaring that Defendant violated the FCCPA and TCPA;

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c. Judgment against Defendant for actual damages in an amount to be determined at trial;

d. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e. Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

f. Judgment against Defendant for punitive damages in an amount to be determined at trial;

g. Judgment for an award of reasonable attorneys' fees and costs; and

h. Any other such relief the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*

**□ Ian R. Leavengood, Esq., FBN 0010167**
**[X] Aaron M. Swift, Esq., FBN 0093088**
**□ Gregory H. Lercher, Esq., FBN 0106991**
**□ Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703

        Phone: (727) 327-3328
        Fax: (727) 327-3305
        consumerservice@leavenlaw.com
        aswift@leavenlaw.com
        glercher@leavenlaw.com
        sweiss@leavenlaw.com
        *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Plaintiff, RICHARD M. DAUVAL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

RICHARD M. DAUVAL

Subscribed and sworn to before me this 12th day of FEBRUARY, 2016.

Notary Public

My Commission Expires: 02-25-19

Proof of I.D.: PERSONALLY KNOWN

FARZAANA N. STONE
MY COMMISSION # FF203870
EXPIRES February 25, 2019
(407) 398-0153
FloridaNotaryService.com